IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNAMMA JACOB<br>42 Stonehurst Court<br>Wayne, PA 19087 | : CIVIL ACTION – LAW<br>: NO.<br>: |
| Plaintiff | : |
| vs. | : *Electronically filed* |
| WELLS FARGO BANK, NATIONAL<br>ASSOCIATION, d/b/a<br>WELLS FARGO BANK, N.A.<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | :<br>:<br>: JURY TRIAL OF 12 DEMANDED<br>: |
| Defendant | : |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under Title VII, 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. §1981 and U.S.C. §621-634, as race, color, and national origin discrimination under Title VII, race and color discrimination under §1981, and as the matters in controversy are brought pursuant to the federal claims of the Age Discrimination in Employment Act ("ADEA"). Plaintiff's EEOC Notice of Right to Sue letter was issued January 18, 2023 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq.*, with the Pennsylvania Human Relations Commission and it has not been one year since that cross-filing. Plaintiff seeks the Court to deem this action filed when one year has passed. This Court has supplemental jurisdiction over the state law claims

1

pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2. Venue is proper in the Eastern District of Pennsylvania because Plaintiff lives in and worked in this district at a facility/residence owned or operated by the Defendant in East Norriton, Montgomery County, Pennsylvania.

## FACTUAL ALLEGATIONS

3. Plaintiff Annamma Jacob is an adult female and Chester County resident living at 42 Stonehurst Court, Wayne, Pennsylvania 19087.

4. Defendant Wells Fargo Bank is a corporate entity registered in the state of Delaware with corporate headquarters located at 420 Montgomery Street, San Francisco, CA 94104, and with a registered agent/service address at 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

5. Plaintiff worked for Defendant at the Wells Fargo Bank branch located at 2730 DeKalb Pike, East Norriton, Pennsylvania 19401 for almost 30 years and her position at time of termination was Service Manager.

6. Plaintiff's race is Asian, national origin is India, and her color is brown. Plaintiff's age at the time of termination was 65, with her date of birth being December 9, 1956.

7. Plaintiff has been discriminated against by Defendant because of race, national origin, color and age.

8. Plaintiff worked for Defendant for almost 30 years, with the last 12 years prior to termination working at the East Norriton branch.

9. Approximately two years prior to Plaintiff being terminated, Jaide Plank, a Caucasian female in her mid-30's, became Plaintiff's new manager at Defendant at the East Norriton branch.

2

10. Ms. Plank questioned Plaintiff as to when Plaintiff was going to retire and continued to repeat this questioning two to three more times, and when demurred, Ms. Plank tried to persuade her to move to a smaller branch.

11. At all times prior to Ms. Plank becoming Plaintiff's manager, Plaintiff had at least "meets expectations" reviews.

12. Ms. Plank gave Plaintiff "inconsistently meets expectations" on her reviews, however Plaintiff's work performance had not changed and her work performance had continued to be at least "meets expectations".

13. At Defendant, there was an informal warning system. This system had been present prior to Ms. Plank becoming Branch Manager.

14. On or about September 24, 2021, Plaintiff received a formal warning for a loss exposure.

15. Plaintiff was terminated on February 7, 2022.

16. Plaintiff had no performance issues, including "loss exposure" issues, from her loss exposure issue on September 24, 2021.

17. Plaintiff was given one formal warning (on September 24, 2021) and only two 'loss exposures' existed for her at the time of her termination, this one and a previous one.

18. No activity on Plaintiff's part provided a reason for corrective action subsequent to September 24, 2021.

19. Plaintiff was not told of the specific reasons except she was told vaguely there were "several" things and the biggest thing was the Canadian check issue on September 24, 2021.

20. Plaintiff believes, and therefore avers, that reference to the September 24, 2021 corrective action and "several things" was a subterfuge used to get rid of Plaintiff because of her race, national origin, color and/or age.

21. The 'loss exposure' policy or other policies were not applied on a broader approach at Respondent in general to discipline individuals with dated issues.

22. The 'loss exposure' policy or other policies were not applied on a broader approach at Plaintiff's branch in general to discipline individuals with dated issues.

23. Plaintiff's termination was a result of race, color, national origin and/or age discrimination.

24. Plaintiff's job was given to a black manager in her thirties (30s).

25. At all relevant times, the Defendant did not act in good faith, and the activity of terminating or failing to continue to employ Plaintiff was done in consultation with Human Resources and second-line supervisors or above.

26. Defendant acted with malice or reckless indifference to Plaintiff's federally-protected rights.

27. At the time of her termination, Plaintiff was earning $56,000/year with full benefits.

28. Defendant's activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

29. No similarly-situated members of other protected classes were treated in this fashion.

4

## COUNT I

## VIOLATION OF TITLE VII – RACE DISCRIMINATION

30. Plaintiff incorporates paragraphs 1 through 29 above as if set forth herein.

31. Plaintiff is in a protected class because of race, Asian.

32. Plaintiff suffered adverse employment action(s) because of her race by Defendant Wells Fargo Bank.

33. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

34. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT II

## VIOLATION OF TITLE VII – COLOR DISCRIMINATION

35. Plaintiff incorporates paragraphs 1 through 34 above as if set forth herein.

36. Plaintiff is in a protected class because of color, brown.

37. Plaintiff suffered adverse employment action(s) because of her color by Defendant Wells Fargo Bank.

38. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

39. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT III

## VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION

40. Plaintiff incorporates paragraphs 1 through 39 above as if set forth herein.

41. Plaintiff is in a protected class because of her national origin, India.

42. Plaintiff suffered adverse employment action(s) because of her national origin by Defendant Wells Fargo Bank.

43. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

44. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if

6

any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IV

## VIOLATION OF SECTION 1981 – DISCRIMINATION

45. Plaintiff incorporates paragraphs 1 through 44 above as if set forth herein.

46. Plaintiff is in protected classes and subject to a contract of employment with Defendant within the meaning of 42 U.S.C. §1981.

47. Plaintiff suffered adverse employment action(s) because of her race, color, national origin or age by Defendant Wells Fargo Bank.

48. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in the protected class.

49. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## **COUNT V**

## **AGE DISCRIMINATION IN EMPLOYMENT ACT**

## **AGE DISCRIMINATION**

50. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

51. Plaintiff is in a protected class because of her age, 65 years old at the time of her termination.

52. Plaintiff was terminated because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to those who are not in a protected age class.

53. Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being terminated.

54. Plaintiff has suffered damages caused by Defendant.

55. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT - RACE

56. Plaintiff incorporates paragraphs 1 through 55 above as if set forth herein.

57. Plaintiff is in a protected class because of her race, Asian.

58. Plaintiff suffered adverse employment action(s) because of her race by Defendant Wells Fargo Bank.

59. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

60. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VII

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT - COLOR

61. Plaintiff incorporates paragraphs 1 through 60 above as if set forth herein.

62. Plaintiff is in a protected class because of her color, brown.

63. Plaintiff suffered adverse employment action(s) because of her color by Defendant Wells Fargo Bank.

64. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

65. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VIII

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

## NATIONAL ORIGIN

66. Plaintiff incorporates paragraphs 1 through 65 above as if set forth herein.

67. Plaintiff is in a protected class because of her national origin, India.

68. Plaintiff suffered adverse employment action(s) because of her national origin by Defendant Wells Fargo Bank.

69. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

70. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IX

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT - AGE

71. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

72. Plaintiff is in a protected class because of her age, being 65 years old at the time of her termination.

73. Plaintiff was terminated because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to those who are not in a protected age class.

74. Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being terminated.

75. Plaintiff has suffered damages caused by Defendant.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,

Date: April 18, 2023       BY: *Edward C. Sweeney*

Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No. 64565
102 Pickering Way, Suite 403
Exton, PA 19341
(610) 594-1600
Validation of signature code: ECS1942

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/18/2023

**To:** Ms. Annamama Jacob
42 Stonehurst Court
Wayne, PA 19087
Charge No: 530-2022-05866

EEOC Representative and phone:   Legal Unit Representative
Legal Unit
267-589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
01/18/2023

Karen McDonough
Deputy District Director

Cc:
Jaide Plank
Wells fargo
2730 DEKALB PIKE 34005
EAST NORRITON, PA 19401

Xor Vue
Wells Fargo Law Department
90 S. 7th Street, 9th Floor
Minneapolis, MN 55402

Alex Earle
Employment Litigation and Counseling Wells Fargo Legal Department
401 South Tryon Street, 28th Floor
Charlotte, NC 28202

Edward C Sweeney
Wusinach, Sweeney and Ryan, LLC
Exton Corp. Center 102 Pickering Way, Ste. 403
Exton, PA 19341

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 530-2022-05866 to the District Director at Jamie Williamson, 801 Market St Suite 1000

Philadelphia, PA 19107.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.